NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAFDER IQBAL,

   Petitioner,

v.

PAMELA BONDI, Attorney General,

   Respondent.

No. 23-2178

Agency No.
A240-085-869

MEMORANDUM*

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted December 2, 2025
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

  Safder Iqbal, a native and citizen of India, petitions for review of a Final

Administrative Removal Order. We have jurisdiction under 8 U.S.C. § 1252(a).

Reviewing de novo, *Hoque v. Ashcroft*, 367 F.3d 1190, 1195 (9th Cir. 2004), we

grant the petition and remand for further proceedings.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On July 25, 2023, the Department of Homeland Security (DHS) issued a Notice of Intent to issue a removal order charging Iqbal with removability as an alien convicted of an aggravated felony. The agency issued a removal order the same day. Both documents were served on Iqbal on July 27, 2023, and they indicate that he refused to acknowledge service at that time.

Iqbal filed a timely pro se petition for review, asking us to vacate the removal order and allow him to request relief under the Convention Against Torture (CAT). He included an affidavit stating that he had been "sever[e]ly beaten" by Indian police based on his sexual orientation and that he feared he would be "killed or tortured to death" if returned to India. He also requested appointment of pro bono counsel. We appointed pro bono counsel on Friday, May 17, 2024. DHS removed Iqbal to India the following Monday.

Although an alien convicted of committing an aggravated felony is subject to expedited removal under 8 U.S.C. § 1228, that statute guarantees that "the alien shall have the privilege of being represented (at no expense to the government) by such counsel . . . as the alien shall choose." 8 U.S.C. § 1228(b)(4)(B). The statute also requires the government to "make reasonable efforts to ensure that the alien's access to counsel and right to counsel . . . are not impaired." 8 U.S.C. § 1228(a)(2). In furtherance of those statutory requirements, DHS has adopted regulations guaranteeing that the Notice of Intent "advise that the alien: has the privilege of

23-2178

being represented, at no expense to the government, by counsel of the alien's choosing," 8 C.F.R. § 238.1(b)(2)(i), and that the officer serving the Notice of Intent "provide the alien with a list of available free legal services programs," 8 C.F.R. § 238.1(b)(2)(iv). Aliens subject to expedited removal are also guaranteed "a reasonable opportunity to inspect the evidence and rebut the charges," 8 U.S.C. § 1228(b)(4)(C), which DHS regulations define as a ten-day period to respond to the Notice of Intent, 8 C.F.R. § 238.1(c).

The government does not meaningfully dispute that it failed to satisfy its regulatory obligations in this case. Iqbal was not given ten days to respond to the Notice of Intent, and he was never provided with a list of free legal services providers. The government argues that Iqbal's refusal to acknowledge receipt of the Notice of Intent is tantamount to a waiver of those procedural protections. But we "indulge every reasonable presumption against waiver" and do not "presume acquiescence in the loss of fundamental rights." *Barker v. Wingo*, 407 U.S. 514, 525–26 (1972) (citations omitted). Iqbal did not check the box on the Notice of Intent that would have indicated that he "waive[d] his right to rebut and contest the . . . charges." We cannot presume that his refusal to acknowledge receipt of the Notice of Intent was an intentional abandonment of all of the procedural safeguards otherwise guaranteed by statute.

The government argues that Iqbal was not prejudiced by its failures. We disagree. To demonstrate prejudice, Iqbal must establish that "the violation potentially affected the outcome of the immigration proceeding." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Iqbal had a plausible claim for deferral of removal under the CAT because he fears that he would be tortured upon removal to India. *See* 8 C.F.R. § 208.16(c)(2) (defining the governing standard). The affidavit he submitted in support of his pro se petition for review provides "some evidentiary basis on which relief could have been granted." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049–50 (9th Cir. 2012). This basis is sufficient to support his theory of prejudice, because DHS's regulatory violations prevented Iqbal from presenting his claim to an asylum officer. DHS regulations do not specify a deadline by which an alien must express a fear of torture to initiate CAT proceedings, *see* 8 C.F.R. §§ 208.31(a), 238.1(f)(3), but Iqbal appears to have believed that the issuance of the removal order barred him from requesting CAT relief. Had he received ten days to respond to the Notice of Intent before DHS issued the removal order, he could have asserted a CAT claim. And had he been given a list of legal services providers, he could have received legal counsel to initiate reasonable-fear proceedings. *See* 8 C.F.R. § 208.31(b). DHS's violations prejudiced Iqbal by depriving him of an opportunity to present his claim.

23-2178

We remand to the agency to afford Iqbal the opportunity to apply for deferral of removal under the CAT. We express no view about the appropriate resolution of those proceedings.

**PETITION GRANTED; REMANDED.**